ORIGINAL

U. S. DISTRICT COURT - DE
MISC. CASE # 07-218

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 DEC 14 AM 10: 38

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN M. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:99-cv-000002-LES |
| ) | |
| CIVIL AIR PATROL, ) | |
| ) | |
| Defendant. ) | |

### APPLICATION FOR WRIT OF GARNISHMENT

Comes now the Defendant in the above-referenced matter and applies to this court for issuance of a Writ of Garnishment to Comcast with regard to wages payable to Brian M. Campbell. In support of this Application, Defendant Civil Air Patrol shows as follows:

1. As the attached Certificate of Judgment shows, on April 4, 2006 judgment was entered against Brian M. Campbell taxing costs of litigation against him as shown in the Bill of Costs attached thereto. See Exhibit A.

2. Civil Air Patrol applies for the Writ of Garnishment submitted herewith in order to collect the Bill of Costs entered against Brian Campbell and further submits the following:

| NAME AND ADDRESS OF PLAINTIFF | NAME AND ADDRESS OF DEFENDANT |
|---|---|
| Brian M. Campbell<br>394 Osbourne Lane<br>Dover, DE 19904-3845 | Civil Air Patrol<br>General Counsel, HQ CAP<br>105 South Hansel Street<br>Maxwell Air Force Base, AL 36112 |
| NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF<br>Jay Lewis, Esq.<br>Law Offices of Jay Lewis, LLC<br>P. O. Box 5059<br>Montgomery, AL 36103 | DATE OF JUDGMENT<br><br>March 31, 2006 |

| NAME AND ADDRESS OF GARNISHEE<br>Comcast<br>Comcast Building<br>4008 N. Dupont Highway<br>New Castle, DE  19720 | JUDGMENT AMOUNT<br><br>$ 3,526.48 |
|---|---|
| **AFFIDAVIT FOR GARNISHMENT ON JUDGMENT** ||
| Attached hereto as Exhibit B. ||

WHEREFORE, Defendant Civil Air Patrol requests that this court issue the Writ of Garnishment submitted contemporaneously herewith to Comcast with regard to wages payable to Brian M. Campbell.

Respectfully Submitted,

David J. Middlebrooks ASB 8553-D58D

Sally B. Waudby ASB-4704-W84S

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

>Jay Lewis, Esq.
>Law Offices of Jay Lewis, LLC
>P. O. Box 5059
>Montgomery, AL  36103

This the __10th__ day of _____December_____, 2007.

_____
OF COUNSEL

191730.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN M. CAMPBELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CIVIL AIR PATROL, )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br>2:99-cv-000002-LES |

### AFFIDAVIT FOR GARNISHMENT ON JUDGMENT

**STATE OF ALABAMA**
**COUNTY OF JEFFERSON**

Before me, the undersigned authority, personally appeared Sally B. Waudby, who being by me duly sworn, deposed and says as follows:

I am one of the attorneys for Civil Air Patrol, Defendant in the above-styled action. On March 31, 2006, a judgment was rendered by the United States District Court for the Middle District of Alabama in favor of Defendant and against Brian M. Campbell, Plaintiff, in the amount of $3,526.48. Plaintiff is justly indebted to Defendant in the amount of said judgment and costs. I believe process of garnishment against Brian M. Campbell is necessary to obtain satisfaction of said judgment because voluntary efforts to collect this amount through Mr. Campbell's attorney have been unsuccessful.



_____
Affiant

**Exhibit B**

SWORN TO AND SUBSCRIBED BEFORE me on this the 10th day of December, 2007.

*Bridget O. Roper*
Notary Public

My Commission Expires: 10/5/2011

191732.doc

2

U. S. DISTRICT COURT - DE
MISC. CASE # 07-218

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 DEC 14  AM 10: 39

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIAN M. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:99-cv-000002-LES |
| ) | |
| CIVIL AIR PATROL, ) | |
| ) | |
| Defendant. ) | |

## WRIT OF GARNISHMENT

This Process of Garnishment served on you, the GARNISHEE, Comcast, and a copy has been served on Plaintiff, Brian M. Campbell.

**NOTICE TO PLAINTIFF:** READ THE IMPORTANT INFORMATION REGARDING YOUR RIGHTS.
**NOTICE TO GARNISHEE:** YOU ARE THE GARNISHEE IN THE ABOVE ACTION.

You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the Defendant can proceed for judgment against you in the amount of the claim, plus costs. Mailing the **Notarized Answer Form** to the Court at the address below constitutes making proper appearance in the Court. **YOU MUST ANSWER:**

1. **Whether you are or were indebted to the Plaintiff at the time you received this process, or when you make your answer, or during the intervening time, or**
2. **Whether you will be indebted to the Plaintiff in the further by existing contract or**
3. **Whether by existing contract you are liable to the Plaintiff for the delivery of personal property or for the payment of money or**
4. **Whether you have in your possession or control, money or effects belonging to the Plaintiff.**
You are commanded to retain the amount indicated above wages, salary or other compensation due or which will become due to the Plaintiff for such period of time as is

necessary to accumulate the sum of $3,526.48.  <u>You are required, after a period of thirty (30) days from the first retention of any sums from the Plaintiff's wages, salary, or other compensation, to begin paying the moneys withheld into the Court as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld.</u>  If employment of the Plaintiff is terminated BEFORE the sum is accumulated, you are required by law to report the termination and pay into the Court within fifteen (15) days AFTER termination, all sums withheld in compliance with this garnishment.  If you have in your possession, control or custody property or money belonging to the Plaintiff, which is NOT wages, salary or other compensation, you are further commanded to hold said property or money subject to the order of this Court.

DATE ISSUED: _____

_____  By: _____
Clerk                                                                         Deputy Clerk
Address: _____

_____

**Method of Service**

This process was executed by serving a copy on Comcast (Garnishee) by certified mail on _____ (Date).

Service on _____ on _____ (Date), by _____, Title _____.

2

*Instructions for Determining the Percentage of Wages, Salary or Other Compensation to be Withheld*

1. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF §6-10-7, *Code of Alabama* 1975, and Title 15, §1673, *United States Code* ("U.S.C.").

Under Alabama and Federal law, the amount subject to garnishment to collect such judgment shall not exceed the **LESSER** of

  i. twenty-five (25) percent of "disposable earnings" for the week

  ii. the amount by which "disposable earnings" for the week exceed thirty (3) times the federal minimum hourly wage in effect at the time the earnings are payable.

2. **GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF** §5-19-15, *Code of Alabama*, 1975 as amended by Act 88-294, effective April 12, 1988.

 a. Under this law, **if the debt or demand was created ON OR AFTER April 12, 1988**, the amount subject to garnishment shall not exceed the **LESSER** of:

  i. twenty-five (25) percent of "disposable earnings" for the week **OR**

  ii. the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

 b. **If the debt or demand was created BEFORE April 12, 1998**, the amount subject to garnishment shall not exceed the **LESSER** of:

3

        i.    twenty (20) percent of "disposable earnings" for the week

**OR**

        ii.    the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable.

**DISPOSABLE EARNINGS DEFINED:** An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Social Security Tax, and State and Local Taxes.

### NOTICE TO GARNISHEE

**Note:** if you have in your possession or control property or money belonging to the Plaintiff (which is not wages, salary or other compensation), you should hold the property or money subject on the orders of the court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the Plaintiff.

**(Use the following formula to calculate a garnishment of wages, salary or other compensation)**

1. Calculate "disposable earnings" for the week
2. If the twenty-five (25) percent block is checked (see definition of "disposable earnings" above) on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30) and subtract

4

this amount from "disposable earnings." Compare these two and obtain lesser amount.

**OR**

3. If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable to you) by fifty (50) and subtract this amount from "disposable earnings." Compare these two and obtain **LESSER** amount.

4. After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the **LESSER** amount. Withhold this amount and pay into court as instructed in the "Writ of Garnishment" on the preceding pages.

5. **THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.**

**PROTECTION AGAINST DISCHARGE:** TITLE 15 §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedness.

**NOTICE TO PLAINTIFF OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT**

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the United States provides that in some circumstances certain money and property may not be taken to pay certain types of court judgment, because certain money or property may not be "exempt" from garnishment. For example, under Federal Law, in some circumstances, up to $3,000.00 in wages, personal property, including money, bank accounts, automobiles, appliances, etc., may be exempt from process of garnishment. Similarly, under Federal Law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM AN EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE DEFENDANT WHO HAS A JUDGMENT ENTERED AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILED IN THE CLERK'S OFFICE WHETHER

YOU MAILED OR DELIVERED THE COPY TO THE DEFENDANT AND THE DATE OF WHICH YOU MAILED OR DELIVERED IT.  THE CLERK CANNOT GIVE YOU LEGAL ADVICE.  IF YOU NEED ASSISTANCE, YOU SHOULD CONTACT A LAWYER.

If you file a claim of exemption, the Defendant will have approximately ten (10) days to file a "contest" of your claim of exemption.  If a contest is filed, a court hearing will be scheduled and you will be notified of the time and place of the hearing.  If the Defendant does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the Defendant on the judgment against you.

**TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY.  IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.**

**NOTICE TO DEFENDANT OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF PLAINTIFF**

If a "Claim of Exemption" is filed in the Clerk's office and mailed or delivered to you by the Plaintiff, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the Clerk of Court.

**If a Contest is timely filed**, a court hearing will be scheduled within seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day).  You and the Plaintiff will be notified of the time and place of the hearing.

**If you fail to make a timely Contest of the Claim of Exemption**, after fifteen (15) calendar days from the filing of such claims by Defendant, the Process of

7

Garnishment and any Writ of Garnishment issued therein shall be dismissed or where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

**IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT S LAWYER FOR ADVICE. THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.**

Respectfully Submitted,

David J. Middlebrooks ASB 8553-D58D

Sally B. Waudby ASB-4704-W84S

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

> Jay Lewis, Esq.
> Law Offices of Jay Lewis, LLC
> P. O. Box 5059
> Montgomery, AL  36103

This the ___10th___ day of _____December_____, 2007.

_____
OF COUNSEL

191733.doc